W. Chris Wicker
Nevada Bar No. 1037
Jessica Hanson Anderson, Esq.
Nevada Bar No. 8200
WOODBURN AND WEDGE
6100 Neil, Road, Suite 500
Post Office Box 2311
Reno, Nevada 89511
Telephone: (775) 688-3000

Attorneys for Defendant, Brian Snyder

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HIRAM C. SEDANO, LIDIA SEDANO,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, ATTORNEY GENERAL CATHERINE CORTEZ MASTO, DEPUTY ATTORNEY GENERAL KIMBERLY OKEZIE, BRIAN SNYDER, DIRECTOR OF EMPLOYER & PRODUCTION SERVICES NEVADA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>Defendants.<br>_____/ | Case No: 2:11-cv-1144 JCM-PAL<br><br>**DEFENDANT, BRIAN SNYDER'S, MOTION TO DISMISS FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>** |

Defendant, BRIAN SNYDER, by and through his counsel of record, WOODBURN AND WEDGE, hereby submits his Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P. 12(b)(1)). This Motion is made based upon the attached Memorandum of Points and Authorities and Plaintiffs' Complaint on file herein.

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Plaintiffs filed their Complaint on July 11, 2011. Although they attempted service on Mr. Snyder, they failed to comply with the procedure for service of process. *See* Defendant's Opposition to Motion for Judgment by Default. However, Defendant voluntarily make an appearance in this matter and waives service of process in order to make this motion.

## II. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH LR 8-1

Local Rule 8-1 requires Plaintiffs to plead jurisdiction.

> The first allegation of any complaint, counterclaim, cross-claim, third-party complaint or petition for affirmative relief shall state the statutory or other basis of claimed federal jurisdiction and the facts in support thereof.

L.R. 8-1. Plaintiffs first paragraph purports to plead subject matter jurisdiction by alleging:

> Jurisdiction in this case is proper. All State of Nevada judges and staff members are disqualified due to receiving benefits from Nevada Public Employees' Retirement System.

Complaint, paragraph 1. Plaintiffs fail to state any statutory or other basis for this Court's jurisdiction as required by the local rules of this Court. Plaintiffs provide no legal argument, statutory or otherwise, which supports Plaintiffs' claims for jurisdiction, even if the allegation was true.

Plaintiffs claim that all Nevada State Court's judges are disqualified "due to receiving benefits from Nevada Public Employees' Retirement System". This allegation is not true as a matter of law. Only judges who retired from PERS, as a result of prior PERS eligible employment, can be receiving PERS benefits while sitting as a judge[1].

Pursuant to NRS 286.541(2), a future judge who was employed in PERS eligible public employment may retire by terminating his or her employment and applying for retirement

---

[1] Some retired judges may be receiving a PERS benefit.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

benefits. NRS 286.545(2). Even though receiving benefits, a newly elected judge can take office and enroll in the Judicial Retirement System ("JRS"). NRS 1A.270, 1A.280. This is a very limited situation where a sitting state judge may also be receiving PERS benefits. New judges who have been PERS members may also withdraw from PERS and transfer their PERS credit to the JRS. NRS 1A.280. Finally, newly elected judges, who were not prior PERS members, must enroll in the JRS. NRS 1A.270. Therefore, as a matter of law, only a limited number of state judges would actually be receiving benefits from PERS, not all state judges as alleged by Plaintiffs. Complaint, paragraph 1.

Plaintiffs allege they were past or current PERS members. Complaint, paragraph 3. As a matter of law, many state judges are not even enrolled in PERS but in JRS. NRS 1A.270. JRS is a different fund than PERS, which Plaintiffs are associated with. NRS 1A.100. Plaintiffs' allegations of all state judges having conflicts of interest, are not accurate based Nevada law.

Even if receiving benefits from PERS actually disqualified judges and even if that provided federal court subject matter jurisdiction, which Defendant denies, Plaintiffs clearly ignored that fact that as a matter of law, many Nevada judges are not receiving PERS benefits and are only enrolled in a separate retirement fund. Plaintiffs claim that they cannot get justice from Nevada judges fails as a matter of law.

### III.   THE COURT LACKS SUBJECT MATTER JURISDICTION

#### A.   This Motion is Timely

Pursuant to FRCP a defense of lack of subject matter jurisdiction may be asserted by Motion. Fed. R. Civ. P. 12(b)(1). The lack of subject matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3). The Court lacks subject matter jurisdiction where there is no federal question or diversity of citizenship not shown. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 999, 1004 (9th Cir. 2001).

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

-3-

### B. There is No Diversity Jurisdiction

28 U.S.C. §1332(a) governs what is required to establish diversity jurisdiction. In order to establish a claim via diversity, the Plaintiffs must show that the amount in controversy exceeds $75,000, and that there is diversity of citizenship between the Plaintiff and all defendants. 28 U.S.C. § 1332(a). To bring a diversity action in federal court against multiple defendants, each plaintiff must be a citizen of a different state from each defendant. The Plaintiffs do not allege diversity jurisdiction, as their only claim is that all Nevada state judges are disqualified. They do not claim an amount in controversy nor do they claim diversity of citizenship. The Nevada Attorney General is a state officer pursuant to the Nevada Constitution Art. 5 §19. On the face of the Complaint, each individual Defendant is a Nevada citizen. Plaintiffs are citizens of Nevada. Thus, diversity simply does not exist and the Complaint should be dismissed for lack of diversity jurisdiction.

### C. There is No Federal Question

28 U.S.C. §1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). In order for a complaint to state a claim "arising under" federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Plaintiffs' Complaint relies entirely on Nevada law. No allegation implicates a federal question. Thus there is no federal question jurisdiction.

///

## IV.  CONCLUSION

This Court needs to address only one issue. As a matter of law, this Court does not have subject matter jurisdiction over the Plaintiffs' Complaint. The Complaint must be dismissed.

DATED this 15 day of August, 2011.

WOODBURN AND WEDGE

By: _____
W. Chris Wicker, Esq.
Nevada State Bar No. 1037
Jessica Hanson Anderson, Esq.
Nevada Bar No. 8200
6100 Neil, Road, Suite 500
Reno, Nevada 89511

Attorneys for Defendant, Brian Snyder

## CERTIFICATE OF SERVICE

I certify that I am an employee of Woodburn and Wedge and that on this date a true copy of the foregoing DEFENDANT, BRIAN SNYDER'S, MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION was served electronically on the following parties:

Hiram C. Sedano
Lidia Sedano
1113 Bay Laurel Court
Las Vegas, NV 89110

CATHERINE CORTEZ MASTO
ROBERT A. WHITNEY
Bureau of Government Affairs
Government and Natural Resources Division
555 East Washington Ave., Suite 3900
Las Vegas, NV 89101

DATED this 15 day of August, 2011.

By: _____
Kelly N. Weaver

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000